IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **LaMont Dixon (2024-0403133),** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 24 C 11507 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| **K. Falls, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff's application to proceed *in forma pauperis* [4] is denied without prejudice because it is incomplete. If Plaintiff wants to proceed with this lawsuit, he must either (1) submit a renewed application on the Court's form that is certified by an appropriate official and accompanied by a copy of Plaintiff's trust fund statement showing all transactions in his account for the six-month period immediately preceding his initiation of this action; or (2) pay the full statutory filing fee of $405.00. Failure to comply with this order by December 6, 2024, will result in summary dismissal of this case. The Clerk is further instructed to correct Plaintiff's prisoner identification number on the docket to 2024-0403133

## STATEMENT

Plaintiff LaMont Dixon, presently confined at the Cook County Jail, brings this *pro se* action. Before addressing Plaintiff's complaint, the Court must address the filing fee. Plaintiff seeks to file his complaint *in forma pauperis*. However, his application to proceed *in forma pauperis* (IFP) is incomplete.

The Prison Litigation Reform Act (PLRA) requires all prisoners to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If the prisoner is not able to prepay the fee, he may submit an application to proceed *in forma pauperis* to pay the fee with monthly deductions from his trust fund account. A prisoner seeking leave to proceed *in forma pauperis* must obtain a certificate from an authorized official stating the amount of money the prisoner has on deposit in his or her trust fund account. The prisoner also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff's application is incomplete because it does not include a trust fund statement for the 6-month period preceding the filing of the lawsuit, and is not certified by a proper Jail official, as required by the PLRA. Plaintiff has not included any trust fund statements attached to his application. Without the statutorily required trust fund statements and the certification by a proper

Jail official the Court lacks the necessary financial information to determine whether Plaintiff should be allowed to proceed *in forma pauperis*.

If Plaintiff wants the Court to consider whether he may proceed IFP, he must submit a renewed and properly completed and certified application for leave to proceed IFP. Plaintiff must include trust fund statements for the six-month period prior to filing suit, so the Court can assess his ability to pay the filing fee. The application must be signed by him, certified by an appropriate official, and accompanied by a copy of Plaintiff's trust fund statement showing all transactions in his account(s) for the six-month period immediately preceding the submission of his complaint, and for the period up to the date of this order. If Plaintiff was incarcerated at a different facility or not in custody for any of the six-months prior to filing suit, he must account for those periods, as well. Plaintiff must pay careful attention when completing the application to make sure his responses are complete and accurate. Alternatively, he may pay the full statutory filing fee of $405.00. The Clerk is directed to forward to Plaintiff a blank IFP application form for prisoners.

**SO ORDERED.**                                                        **ENTERED: November 22, 2024**

_____
**JORGE L. ALONSO**
**United States District Judge**